United States Bankruptcy Court
Eastern District of Michigan
Southern Division - Flint

In re:
Imad Tahboub and Iman Mnajed,                          Case No. 04-31411-WS
                Debtors.                                            Chapter 7
_____/

Bank One, N.A.,
                Plaintiff/Counter-Defendant,

v.                                                                             Adv. No. 04-3109

Imad Tahboub and Iman Mnajed,
                Defendants/Counter-Plaintiffs.
_____/

**Opinion Deferring Decision on Motion for Summary Judgment**

This matter is before the Court on Plaintiff, Bank One's, motion for Summary Judgment. The Court has concluded Debtor, Iman Mnajed, has failed to state a claim upon which relief may be granted.

**Facts**

Imad Tahboub M.D., P.C., was a professional corporation ("the Corporation") whose sole shareholder was Debtor, Imad Tahboub. The Corporation entered into five loan agreements with Plaintiff, totaling $750,000. The loans were personally guaranteed by Debtor Imad Tahboub. In November 2001, the Corporation stopped making payments on the loans. On March 21, 2002, Plaintiff filed suit in state court for the repayment of the loans, naming the Corporation and Debtor Imad Tahboub as defendants. On May 10, 2002, the Corporation filed a Chapter 11 case, Case No. 02-31684, which was later dismissed on January 29, 2003, for the corporation's failure to (a) negotiate a Cash Collateral Agreement,

to file a Motion for Authorization to Use Cash Collateral and (b) file a plan of reorganization. After that dismissal, Plaintiff resumed its prosecution of its state court action against the Corporation and Debtor Imad Tahboub. On August 22, 2003, the Corporation filed a second Chapter 11 petition, Case No. 03-33323, Debtor Imad Tahboub was the Corporation's Chief Operating Officer and the Responsible Person Operating the Corporation from the origin of that case until it was converted to a Chapter 7 case on October 29, 2003. On April 2, 2004, Debtors Imad Tahboub and Iman Mnajed filed their joint Chapter 7 petition.

On July 8, 2004, Plaintiff, a creditor, filed a complaint under 11 U.S.C. § 523(a)(6) seeking a judgment of nondischargeability of its debt. On July 23, 2004, Debtor Iman Mnajed filed a counterclaim against Plaintiff, claiming abuse of process and intentional infliction of emotional distress for including Debtor Iman Mnajed as a defendant in the action. On September 2, 2004, Debtor Iman Mnajed replaced her attorney. On May 11, 2005, Plaintiff/Counter-Defendant filed a motion for summary judgment on Debtor Mnajed's counter-claims. Thereafter, a hearing thereon was held, at the end of which, the Court allowed Debtor Iman Mnajed to file an amended counter-claim, stating that after the amended counter-claim was filed, this Court would decide whether it could or would rule on the summary judgment motion or require a further hearing. An amended counter-claim was filed and responded to.

The Court has concluded it is premature to decide this issue at this time. To a large extent the success or failure of this abuse of process counter-claim (based as it is) on the merits of the complaint will depend on the proofs plaintiff is able to produce in support of its claim. To decide the summary judgment motion now would essentially call upon the Court to evaluate the strength of Plaintiff's cause of action against movant, and to do that the Court would have to hear evidence supporting the complaint. To be able to decide a summary judgment motion on the abuse claim, the Court must decide whether or not

there are disputed questions of fact–the same facts which are the gravamen of Plaintiff's complaint. The merits, as well as the as the outcome, of the action forming the basis of an abuse of process claim are important, if not crucial, in the success or failure of the abuse of process claim. To do so now is an inappropriate and duplicative use of judicial and the litigants' resources and in essence puts the judicial cart before the judicial horse. Accordingly, the Court will defer any decision on the summary judgment motion at this time and will issue appropriate notices and orders directed to bringing this adversary proceeding to trial.

**Entered: May 31, 2006**

                                                **/s/ Walter Shapero**
                                  **Walter Shapero**
                                  **United States Bankruptcy Judge**